# STEVENS & LEE
## LAWYERS & CONSULTANTS

1105 North Market Street
7th Floor
Wilmington, DE 19801
(302) 654-5180  Fax (302) 654-5181
www.stevenslee.com

Direct Dial:   (302) 425-3300
Email:   wpm@stevenslee.com
Direct Fax:   (610) 371-7949

May 30, 2006

Honorable Kent A. Jordan
The United States District Court
844 North King Street
Lock Box 10
Wilmington, Delaware 19801

   Re:   *Hawksley v. UNUM Life Insurance Company of America, et al.*
         CA No. 04-1305

Dear Judge Jordan:

   This letter is Unum's Status Report pursuant to your November 21, 2005 order. On May 3, 2006, Plaintiff requested four depositions, including doctors who reviewed the file and two Rule 30(b)(6) depositions. Unum objects to these depositions and Plaintiff's Discovery plan for the reasons set forth herein. This letter is intended to resolve our Discovery dispute pursuant to Paragraph 3(e) of your Scheduling Order and avoid filing a Motion for Protective Order. This letter outlines our position on the proper standard of review and the proper scope of Discovery in ERISA cases.

   **1. The Proper Standard of Review.**

   In the seminal case of <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), the Supreme Court held that an action to recover Plan benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), should be judicially reviewed under an abuse of discretion standard if "the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan." Id. at 115. The Third Circuit has held that "[d]iscretionary powers may be *implied* by a plan's terms even if not granted expressly." <u>Luby v. Teamsters Health Welfare & Pension Funds</u>, 944 F.2d 1176, 1180 (3d Cir. 1991) (emphasis added).

   Here, the Plan document expressly grants UNUM the necessary discretion.

Philadelphia • Reading • Valley Forge • Lehigh Valley • Harrisburg • Lancaster • Scranton
Williamsport • Wilkes-Barre • Princeton • Cherry Hill • New York • Wilmington

A PROFESSIONAL CORPORATION

SL1 638542v1/010305.00179

# STEVENS & LEE
## LAWYERS & CONSULTANTS

The United States District Court
May 30, 2006
Page 2

### 2. The Proper Scope of Review.

The Third Circuit has determined that when the arbitrary and capricious standard of review applies, the court should not consider evidence that is not contained in the administrative record. Thus, in Abnathya, the court rejected a claimant's attempt to rely on medical opinions that were not submitted to the administrator during the administrative review of the claim. 2 F.3d at 48, n.8. Similarly, in Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439 (3rd Cir. 1997), the Third Circuit held that "[u]nder the arbitrary and capricious standard of review the. . . record consists of that evidence that was before the administrator when he made the decision being reviewed." This approach was confirmed again more recently in Keating v. Whitmore Manufacturing Co., 186 F.3d 418, 421-422 and n.6 (3d Cir. 1999).

### 3. The Proper Scope of Discovery.

Applying ERISA's arbitrary and capricious standard of review, and the resulting limitations on the scope of review, numerous courts have held that Discovery should be limited to the administrative record and the governing Plan documents. e.g., Trombetta v. Cragin Federal Bank for Savings Employees Stock Option Plan, 102 F.3d 1435, 1438 n. 1 (7th Cir. 1996); Newman v. Standard Ins. Co., 997 F. Supp. 1276 (C.D. Cal. 1998). As these cases recognize, Discovery requests aimed at information extrinsic to the administrative record cannot lead to the Discovery of admissible evidence if the only admissible evidence is the administrative record.

In Kosiba v. Merck & Company, et al., 384 F.3d 58, 67 fn. 5 (3d Cir. 2004), the Third Circuit Court of Appeals again held that the record for arbitrary and capricious review of an ERISA benefits denial is the record made before the plan administrator and cannot be supplemented during litigation. However, the court in Kosiba did state that limited Discovery may be had on the issue of conflicts of interest or bias. Id.

In Perlman v. Swiss Bank Corp., 195 F.3d 975 (7th Cir. 1999), where the Plaintiff challenged the denial of her claim for disability benefits by the insurer that administered her employer's disability plan, the Court held that the District Court erred by allowing the Plaintiff to take Discovery into matters extrinsic to the administrative record (such as the thought processes and training of the insurance company's representatives) because the case was governed by ERISA's arbitrary and capricious standard of review.

> It follows from the conclusion that review of UNUM's decision is deferential that the District Court erred in permitting Discovery into UNUM's decision-making. There should not have been any

# STEVENS & LEE
## LAWYERS & CONSULTANTS

The United States District Court
May 30, 2006
Page 3

> inquiry into the thought processes of UNUM's staff, the training of those who considered Perlman's claim, and in general who said what to whom within UNUM -- all of which Perlman was allowed to explore at length by depositions and interrogatories, and on some of which the District Judge relied. Deferential review of an administrative decision means review on the administrative record. *We have allowed parties to take Discovery and present new evidence in ERISA cases subject to De Novo Judicial decisions, . . . but never where the question is whether a decision is supported by substantial evidence, or is arbitrary and capricious.*

Id. at 981-82 (emphasis added). The Court concluded that when ERISA's arbitrary and capricious standard of review applies, "the mental processes of the Plan's administrator are not legitimate grounds of inquiry" through Discovery. Id. at 982.

Other recent examples include cases such as Kaus v. Standard Insurance Company, No. 97-3378 (10th Cir. Nov. 5, 1998) (1998 U.S. App. LEXIS 28154)(Court affirmed the Entry of Summary Judgment even though the District Court had refused to allow the Plaintiff to conduct Discovery in ERISA action); Trombetta, 102 F.3d 1435 (Court held that Discovery was properly denied in a lawsuit arising out of a denial of a claim for ESOP benefits); and Maune v. International Brotherhood of Electrical Workers, 83 F.3d 959, 963 (8th Cir. 1996) (Court affirmed Entry of Summary Judgment and held that "[b]ecause the District Court had before it all of the evidence relied on by the Trustees in denying the claim, it properly denied the Maunes the opportunity to conduct further Discovery").

Other cases include Rambo v. First Union, No. 99-CV-2516, E.D. Pa., where Judge Tucker granted a like Motion to the Motion we will file here if need be. Another recent example is Spaziani v. First Union, 2000 U.S. Dist. Lexis 1396, (E.D. Pa. Feb. 7, 2000), where Judge Bartle held that Discovery of matters outside of the administrative record was not proper under ERISA's arbitrary and capricious standard of review.

Presently, Plaintiff has requested the deposition of Dr. Graham and Dr. Neuren. These depositions are not to establish a conflict and are therefore prohibited. Plaintiff's Rule 30(b)(6) request is to explore the relationship between the employer and Unum. Unum will stipulate that there is no relationship and that Unum administers the claims and also pays benefits from its funds. Finally, Plaintiff seeks a Rule 30(b)(6) deposition of a person most knowledgeable in the handling of the claim and how the decisions were arrived. Once again, this is not conflict Discovery and is prohibited.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

The United States District Court
May 30, 2006
Page 4

Thank you for your consideration in this matter

                                      Very truly yours,

                                      STEVENS & LEE

                                      Walter P. McEvilly, Jr.

KLW:djm

cc: Gary Aber, Esquire